USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: ___8___
DATE FILED: 5/9/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

Alphas,

                Plaintiff

     -against-

The City of New York Business Integrity
Commission et al.,

                Defendants.

------------------------------------------------------------x

1:15-cv-03424 (ALC)

**MEMORANDUM OPINION**

**ANDREW L. CARTER, JR., United States District Judge:**

    This is another action that arises out of a wholesale food distribution business formerly operated by the Alphas Company of New York, Inc. (the "Alphas Company" or "Company") at the Hunts Point Terminal Produce Market (the "Market"). Plaintiff Peter Alphas brings this action against the City of New York Business Integrity Commission ("BIC"), Hunts Point Department of Public Safety ("HPDPS"), and the City of New York for constitutional violations under 42 U.S.C. § 1983 and common law negligence. All Defendants have moved to dismiss under a variety of grounds including lack of Article III standing and failure to state a § 1983 claim. Plaintiff has also moved pursuant to Fed. R. Civ. P. 15(a) for leave to amend their complaint. On March 31, 2017, this Court denied Plaintiff's motion to amend the complaint and granted the Defendants' motions to dismiss. The Court does so because Plaintiff Alphas lacks standing to bring federal claims and the defect in standing cannot be fixed in subsequent pleadings. The Court now elaborates on these reasons.

## FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's Complaint, as well as documents of which the Court may take judicial notice.[1] The Complaint assumes familiarity with the complaint (the "RICO Complaint") filed by Alphas and the Company against the Hunts Point Terminal Produce Cooperative Association, Inc. ("Hunts Point Co-op"), who operates the Market, the union who provides employees to the Hunts Point Co-op members, and various attorneys employed by Hunts Point Co-op and the union (collectively, the "RICO Defendants"). The RICO Complaint alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), conspiracy to violate RICO, and eight state law claims. *See* ECF No. 2, Ex. A; *see also The Alphas Company of New York Inc. v. The Hunts Point Terminal Produce Cooperative, Inc*, 1:14-cv-00145 (ALC) (S.D.N.Y).

Peter Alphas is the sole shareholder of the Alphas Company of New York Inc., a domestic corporation that conducts wholesale food packing and distribution around New York City. Compl. ¶ 12. The Alphas Company is currently in bankruptcy and under the control of a trustee for the United States Bankruptcy Court. *Id.* ¶ 14. Prior to the bankruptcy, the Alphas Company operated out of a building within the Market that it leased from Hunts Point Co-op, a cooperative of produce merchants who operate the Market. *Id.* ¶ 12. Hunts Point Co-op commenced an eviction proceeding against the Alphas Company, and the Company was evicted pursuant to the proceeding. *Id.* ¶¶ 27-28. Alphas seeks damages against the Defendants in connection with the eviction.

---

[1] In deciding motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts may consider facts as asserted within the complaint, as well as matters of which judicial notice may be taken. *See Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). Judicial notice may be taken of proceedings in other courts. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

Alphas made numerous complaints to the BIC that Hunts Point Co-op was attempting to ruin his business and that the BIC needed to investigate the Hunts Point Co-op's actions and prevent the eviction. *Id.* ¶ 23. The BIC regulates commercial waste, public wholesale markets, and shipyard gambling industries in New York City. *See* N.Y.C. Charter Ch. 63, § 2101. The BIC can also grant, renew, or deny licenses to operate in wholesale markets. *See* N.Y.C. Admin. Code § 22-253(a). Moreover, the BIC can conduct criminal investigations into the businesses it regulates, including those operating in the Market. *See* N.Y.C. Charter Ch. 63, § 2101(b). As alleged in the complaint, BIC's inaction in regards to investigating Alphas' complaints about the RICO Defendants and preventing the eviction brought on by the Hunts Point Co-op violated Alphas' constitutional rights. Compl. ¶¶ 38-44.

In addition, the HPDPS participated in the eviction of the Alphas Company. The HPDPS is a security service employed by the Market and is also commissioned by the New York State Peace Officers. Compl. ¶¶ 9-10. In connection with the eviction, HPDPS placed "security around the clock in front of [the Company]" (*id* ¶ 23(a)), escorted the Company's employees out the leased units after the Company was evicted (*id.* ¶ 23(g), (j)), cleared out inventory and equipment during the course of the eviction (*id.* ¶ 23(h)), and failed to investigate and prosecute the eviction as criminal conduct (*id.* ¶ 14). According to Alphas, HPDPS acted at the direction of the RICO Defendants in preventing the Alphas Company from operating at the Market. *Id.* ¶ 23

As a result of BIC's and HPDPS's actions, the Alphas Company was driven into bankruptcy, ruining Alphas' "ownership interest financially." *Id.* ¶ 34(b), (c)). In addition, the Alphas Company lost "inventory, supplies and equipment" as well as profits and business

opportunities. *Id.* ¶¶ 21(l), 31-37. Consequently, Alphas seeks money damages for these alleged injuries.

## STANDARD OF REVIEW

Defendants move to dismiss under Rule 12(b)(6), but their Article III standing arguments belong under Rule 12(b)(1) as it implicates subject matter jurisdiction. The standard of review for 12(b)(1) motions is "substantively identical" to Rule 12(b)(6) motions, but the key difference is that the movant bears the burden of proof on a 12(b)(6) motion but the plaintiff invoking the court's jurisdiction bears the burden on a 12(b)(1) motion. *See Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003); *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 38 (2d Cir. 2015) ("The party invoking federal jurisdiction bears the burden of establishing prudential and constitutional standing...").

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* For the purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 681 (citing *Twombly*, 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give

the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & iStone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

To decide the motion, the court "may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks omitted). The Court may also consider "matters of which judicial notice may be taken." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). "Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions." *Johnson v. Levy*, 812 F.Supp.2d 167, 176 (E.D.N.Y. 2011); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 111 (2d Cir. 1991).

## DISCUSSION

### A. Suit Against HPDPS

As an initial matter, Plaintiff brought suit against HPDPS, an administrative arm of the City of New York. Defendant HPDPS argues that HPDPS, a publicly authorized security service, has no independent legal existence and thus claims against it should be dismissed. "Under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 15 F.Supp.2d 293, 303 (S.D.N.Y. 2002). Accordingly, all claims against HPDPS are dismissed with prejudice.

B. Standing

Defendants argue that Plaintiff does not have standing to bring the claims asserted because the Alphas Company, not Plaintiff, was harmed. The Court agrees.

Under Article III of the U.S. Constitution, in order to bring a case in federal court, plaintiffs must establish that they have standing to sue. *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 38 (2d Cir. 2015) (citing *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146 (2013)). To establish Article III standing, a plaintiff must demonstrate: "(1) an injury-in-fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that can likely be redressed by a favorable decision." *Mantena v. Johnson*, 809 F.3d 721, 731 (2d Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Litigants must also satisfy "prudential standing," which "embodies judicially self-imposed limits on the exercise of federal jurisdiction." *Keepers, Inc.*, 807 F.3d at 39. Among these limits, "[p]rudential standing includes...the general prohibition on a litigant's raising another person's legal rights." *Id.*

Further, and critically, "[a] shareholder —even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation." *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 736 (2d Cir. 1987). The reason for this principle is that "[t]he right of a corporation to bring suit under section 1983 eliminates the need for recognition of a right in shareholders to bring suit on the corporation's behalf." *Sterngass v. Bowman*, 563 F.Supp. 456, 459 (S.D.N.Y. 1983), *aff'd* 742 F.2d 1440 (2d Cir. 1983).

Plaintiff's injuries are either direct injuries to the Alphas Company or indirect injuries flowing from the harm to the Alphas Company. Plaintiff alleges that the Company's eviction caused him to lose his "wholly owned business" and his "wholly owned... equipment." Compl. ¶ 41. But these losses "were indirectly caused by harm to [the corporation] and therefore not

'distinct' from those of the corporation." *Caravella v. City of New York*, 79 Fed. App'x 452, 453 (2d Cir. 2003). Further, Plaintiff has acknowledged that the Alphas Company's bankruptcy has left the company in the control of a trustee, who has litigated and settled claims against other parties. *See The Alphas Company of New York Inc. v. The Hunts Point Terminal Produce Cooperative, Inc.*, 1:14-cv-00145 (ALC) (S.D.N.Y); *see also in re The Alphas Company of New York, Inc.*, 1:14-bk-10510 (Bankr. S.D.N.Y.). Accordingly, Plaintiff has no right to sue for injuries to the Alphas Company that indirectly harm him.

## LEAVE TO REPLEAD

Although a district court "should freely grant leave to amend," a district court may deny leave to amend where there is no merit in the proposed amendments or amendment would be futile. *Hunt v. Alliance North Am. Gov't Trust, Inc.*, 159 F.3d 723, 728 (2d Cir. 1998). If the problems with a complaint are "substantive" rather than the result of an "inadequately or inartfully pleaded" complaint, an opportunity to replead would be "futile" and "should be denied." *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The thrust of the Complaint remains the same with the proposed amended Complaint: Plaintiff's company was unable to operate owing to the eviction and thus the Company's losses were passed on to plaintiff. Compl. ¶¶ 13, 35, 40-41; Proposed Compl. ¶ 15. However, for reasons set forth above, Plaintiff still does not have standing to pursue claims based on harms to the corporation and not to himself because he is "injured only as a result of the injury to another, *i.e.*, the corporation, and therefore generally lacks standing." *Bingham v. Zolt*, 66 F.3d 553, 562 (2d Cir. 1995). To the extent that Alphas alleges "personal" items that Mr. Alphas alleges were lost during the Company's eviction, it is still unclear what actual conduct plausibly

caused Plaintiff any harm in a "personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 n.1 (1992).

Further, dismissal is especially appropriate here where Plaintiff has declined to cure pleading deficiencies following pre-motion letters of conference where those pleading deficiencies are set forth.[2] *See, e.g., Sinay v. CNOOC Ltd.*, 12-cv-1514 (KBF), 2013 WL 1890291, *10 (S.D.N.Y. May 6, 2013), *aff'd*, 554 F. App'x 40 (2d. Cir 2014) (dismissing complaint with prejudice after the plaintiff declined the Court's offer to amend the complaint after seeing arguments advanced by the defendant in support of dismissal); *Payne v. Malemathew*, 09-cv-1634 (CS), 2011 WL 3043920, *5 (S.D.N.Y. July 22, 2011) ("That Plaintiff was provided notice of his pleading deficiencies and the opportunity to cure them is sufficient ground to deny leave to amend..."). Thus, any further amendment of Plaintiff's federal claims is futile, and accordingly, his federal claims are dismissed with prejudice.

## STATE LAW CLAIMS

In addition to section 1983 claims, Plaintiff brings a state law claim of negligence against the defendants. Federal courts should generally decline to exercise supplemental jurisdiction if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's "federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988); *see also* 28 U.S.C. § 1367(c). As discussed above, the Court has dismissed Plaintiff's federal claims. Therefore, the Court declines to exercise supplemental jurisdiction

---

[2] *See* Individual Practices of the Honorable Andrew L. Carter, Jr., 2(D)(ii) (stating that it is unlikely that the Court will grant the non-moving party leave to amend after a pre-motion conference to discuss the motion to dismiss and whether any amendment is necessary)

8

over Plaintiff's state law claim and affirms its March 31, 2017 dismissal of those claims without prejudice to refiling in state court.

## CONCLUSION

For the foregoing reasons, the Court affirms its denial of Plaintiff's motion for leave to amend the complaint and granting of Defendants' motions to dismiss.

Dated:     May 9, 2017
             New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**